Filed 8/18/20  Marriage of Shio CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Marriage of HAN HONG TAO and STEVEN K. SHIO. | |
| HAN HONG TAO, | G058636 |
| Appellant, | (Super. Ct. No. 15D007575) |
| v. | O P I N I O N |
| STEVEN K. SHIO, | |
| Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, John L. Flynn, Judge.  Dismissed.  Respondent's request for judicial notice.  Granted.  Respondent's motion for an order deeming Appellant a vexatious litigant.  Denied as moot.

Han Hong Tao, in pro. per., for Appellant.

Law Offices of Kenneth Stevan Bürgi and Kenneth Stevan Bürgi for Respondent.

\*          \*          \*

INTRODUCTION

The present appeal is the second appeal from the same postjudgment order. The first appeal was dismissed by another panel of this court due to appellant Han Hong Tao's failure to timely designate the record on appeal. The order dismissing the first appeal was with prejudice. Therefore, the current appeal must be dismissed.

BACKGROUND

Han Hong Tao and Steven K. Shio were married in December 2009. They separated in May 2012, and their marriage was dissolved in China on March 26, 2013.

Tao filed a petition for dissolution of the marriage in the Orange County Superior Court in August 2015.[1] In March 2018, Shio filed a motion to dismiss Tao's petition. The court entered a minute order dismissing the case in June 2018, and entered written findings and orders after hearing in October 2018.

Tao filed a motion to set aside the dismissal in April 2019. The trial court denied that motion in a postjudgment order on August 2, 2019.

Tao filed a notice of appeal on September 19, 2019 (the first appeal); the first appeal was purportedly taken from a "[j]udgment of dismissal after an order sustaining a demurrer," but attached the August 2019 minute order denying the set aside motion. Shio filed a motion to dismiss the first appeal as an untimely appeal from the judgment. Another panel of this court liberally construed the first appeal as a timely appeal from the postjudgment order and denied the motion to dismiss the first appeal, with the following note: "The timely appeal of the August 2019 order cannot be used to revive an untimely appeal from the underlying October 2018 judgment."

---

[1] An earlier petition for dissolution of the marriage had been filed by Tao in the Orange County Superior Court in 2013, and was later dismissed. No documents from this proceeding have been included in the record on the current appeal.

On October 22, 2019, this court dismissed the first appeal due to Tao's failure to procure the record on appeal. Tao filed motions to vacate the dismissal and reinstate the first appeal and for relief from default. This court denied Tao's motions on the ground she had failed to make the required showing of good cause. Tao then filed a petition for review with the California Supreme Court, which was denied.

While the petition for review was pending, on December 4, 2019, Tao filed a second notice of appeal, which again was purportedly taken from a "[j]udgment of dismissal after an order sustaining a demurrer," and again attached the August 2019 minute order denying the motion to set aside the dismissal (the second appeal). The second appeal is the matter presently before us.

Shio filed a motion to dismiss the second appeal on the ground it was duplicative of the first appeal, which had been dismissed with prejudice. We granted Tao leave to file a late opposition to the motion to dismiss, and she did so.[2]

---

[2] Concurrently with the motion to dismiss, Shio filed a request for judicial notice. Tao opposed the request for judicial notice on the ground the documents are improper new evidence. While we generally do not consider postjudgment evidence on appeal (*In re Zeth S.* (2003) 31 Cal.4th 396, 413), when the evidence is relevant to a motion to dismiss the appeal, it may be considered (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676).

We will take judicial notice of the following documents attached to the request as records of a California court (Evid. Code, §§ 452, subd. (d)(1), 459; *Stephenson v. Drever* (1997) 16 Cal.4th 1167, 1170, fn. 1; *Smith v. Selma Community Hospital* (2010) 188 Cal.App.4th 1, 45): (1) appellate docket, *Tao v. Shio*, appeal No. G058349; (2) motion to dismiss, *Tao v. Shio*, appeal No. G058349, filed September 30, 2019; (3) Court of Appeal order, *Tao v. Shio*, appeal No. G058349, filed October 17, 2019; (4) Court of Appeal order, *Tao v. Shio*, appeal No. G058349, filed November 20, 2019; and (5) California Supreme Court docket, *Tao v. Shio*, appeal No. S259370.

Shio also filed a motion to declare Tao to be a vexatious litigant. In light of our dismissal of the appeal, Shio's motion to declare Tao a vexatious litigant is moot.

DISCUSSION

"The dismissal of an appeal shall be with prejudice to the right to file another appeal within the time permitted, unless the dismissal is expressly made without prejudice to another appeal." (Code Civ. Proc., § 913.)

Where an appeal is dismissed for failure to timely file a transcript, and the dismissal does not specify it is without prejudice, a later-filed appeal from the same judgment cannot be taken. (*Garibaldi v. Garr* (1893) 97 Cal. 253; *Spinetti v. Brignardello* (1880) 54 Cal. 521.) "Where an appeal regularly taken is dismissed for want of prosecution, the dismissal operates as an affirmance of the judgment, and a second appeal cannot be allowed." (*Chamberlain v. Reed* (1860) 16 Cal. 207.)

If the dismissal of an appeal does not specify that it is without prejudice to a subsequent appeal, then the dismissal is with prejudice. (*Property Owners of Whispering Palms, Inc. v. Newport Pacific, Inc.* (2005) 132 Cal.App.4th 666, 677.)

Tao's response to the motion to dismiss begins with the following misstatements regarding the appellate record: "Supreme Court found case G058349 occur[r]ed a misunderstanding that can be explained clearly and corrected. . . . The case returned to the Court of Appeal continued trial." These contentions are objectively false. The remainder of Tao's opposition to the motion to dismiss reargues why the first appeal should not have been dismissed, and makes ad hominem attacks on Shio's counsel. Tao never addresses the key issue before us—whether the dismissal of the first appeal was with or without prejudice.

We conclude that the dismissal of the first appeal was with prejudice. The second appeal is from the same postjudgment order as was the first appeal. The second appeal must therefore be dismissed.

4

DISPOSITION

The appeal is dismissed.  Respondent to recover costs on appeal.


FYBEL, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.